# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

**In re:**

                                                                             **Case No.: 20-22409-PDR**

**DARD DEFRAND,**

        **Debtor.**                                                       **Chapter 13**

_____/

## MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY

      Dard DeFrand (the "Debtor"), through undersigned counsel, files his Motion to Approve Stipulation to Compromise Controversy Between the Debtor and Nationwide Judgment Recovery, Inc. ("NJR"), and states:

      1.     The Debtor filed this voluntary chapter 13 proceeding on November 12, 2020 [ECF 1]. The Debtor's second amended chapter 13 plan was confirmed on January 20, 2021 [ECF 29]. NJR is receiving payments under the Debtor's second amended chapter 13 plan.

      2.     On February 11, 2021, NJR filed Adv. Case No. 21-01047-PDR against the Debtor to deny the dischargeability of a final judgment for approximately $33,327.43 held by NJR against the Debtor.

      3.     The Debtor and NJR have settled the matters between them in Adv. Case No. 21-01047-PDR. A copy of their Stipulation is attached as Exhibit "A," and everyone should read it in case there is any inadvertent inconsistency with its summary herein, and to ensure that no one has misunderstood because the terms of the Stipulation attached control, not what this motion states about the stipulation.

      4.     The Debtor shall amend his chapter 13 plan so that NJR receives a total of $10,000 in payment by its completion. If NJR does not receive payments totaling $10,000 by the completion of the Debtor's chapter 13 plan, then NJR shall be entitled to receive a non-dischargeable judgment in its favor against the Debtor for the sum of $10,000, less any payments received in the Debtor's chapter 13 case. If NJR receives payments totaling $10,000 by the end of the Debtor's chapter 13 plan, then NJR shall provide a satisfaction of judgment to the Debtor.

      5.     The legal principles to be applied in evaluating a proposed settlement have been enunciated upon within the Southern District of Florida in *In re Arrow Air, Inc.*, 85 B.R. 886 (Bankr. S.D. Fla. 1988). The appropriate test is "whether the compromise falls below the lowest point in the

range of reasonableness." *Id*. at 891 (citing *In re Teltronics Serv., Inc.*, 762 F.2d 185, 189 (2nd Cir. 1985); *In re W.T. Grant Co.y*, 699 F.2d 599, 608 (2nd Cir. 1983)

6. The Eleventh Circuit provides that when a bankruptcy court decides whether to approve or disapprove a settlement, it must consider:

   i. the probability of success in the litigation;

   ii. the difficulties, if any, to be encountered in the matter of collection;

   iii. the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

   iv. the paramount interest of the creditors and a proper deference to their reasonable view in the premises.

*In re Justice Oaks II, Ltd.,* 898 F.2d 1544 (11th Cir. 1990).

7. The Debtor believes that this Stipulation more than complies with the legal principles relied upon within these authorities. The settlement is reasonable and lets the Debtor obtain a discharge of the NJR obligation upon a reduced payment and other creditors will not be affected. The Debtor believes that this settlement is in the best interests of creditors of the estate and meets the applicable legal standards. Pursuant to the Stipulation, the Court shall retain jurisdiction to enforce the Stipulation as may be necessary. The proposed Order is attached as Exhibit "B."

WHEREFORE the Debtor Dard DeFrand prays this Honorable Court will grant his Motion to Approve Stipulation to Compromise Controversy Between the Debtor and Nationwide Judgment Recovery, Inc., will enter an order approving the Stipulation to Compromise Controversy, and for such other and further relief as the Court deems just and proper.

**CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing was served on 1/25/2022 via CM-ECF e- mail on the parties listed below and on 1/25/2022 by U.S. Mail on the parties listed on the attached creditor matrix:

**20-22409-PDR Notice electronically mailed to:**

Clare A. Casas, Esq. on behalf of Debtor Dard Defrand
clarecasas@ombankruptcy.com,
carmen@ombankruptcy.com;clarecasas@yahoo.com;clarecasas@ecf.inforuptcy.com;casascr71302@notify.bestcase.com

G Steven Fender on behalf of Creditor Nationwide Judgment Recovery, Inc.
steven.fender@fender-law.com, simone@fenderbollingpaiva.com

Tarek K Kiem on behalf of Defendant Dard Defrand
tarek@kiemlaw.com, tarek.kiem@gmail.com;G37996@notify.cincompass.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Corey Ohayon on behalf of Creditor Select Portfolio Servicing Inc
ecfbankruptcy@popkinrosaler.com

Martin L Sandler, Esq on behalf of Plaintiff Nationwide Judgment Recovery, Inc.
martin@sandler-sandler.com

Robin R Weiner
ecf@ch13weiner.com, ecf2@ch13weiner.com

                **KIEM LAW, PLLC**
                Attorney for Defendant Dard Defrand
                8461 Lake Worth Road, Suite 114
                Lake Worth, Florida 33467
                Telephone: 561-600-0406, Facsimile: 561-763-7355
                Email: tarek@kiemlaw.com

 By:   /s/ Tarek K. Kiem
 Tarek K. Kiem
 Florida Bar No 0637041

January 25, 2022.

```
Label Matrix for local noticing          Nationwide Judgment Recovery, Inc.       Select Portfolio Servicing Inc
113C-0                                   c/o Fender, Bolling and Paiva, P.A.      c/o Corey Ohayon
Case 20-22409-PDR                        Steven Fender, Esq.                      1701 W Hillsboro Blvd #400
Southern District of Florida             P.O. Box 1545                            Deerfield Beach, FL 33442-1572
Fort Lauderdale                          Ft. Lauderdale, FL 33302 United States 33302-1545
Tue Jan 25 16:32:20 EST 2022

Alliance One                             Corey Ohayon, Esq.                       Coventry One
1684 Woodlands Drive, Suite 15           Popkin & Rosaler, PA                     PO Box 31210
Maumee, OH 43537-4026                    1701 W Hillsboro Boulevard, Suite 400    Tampa, FL 33631-3210
                                         Deerfield Beach, FL 33442-1572

ER Solutions, Inc.                       Enhanced Recovery Corporation            (p)FIRST FEDERAL CREDIT CONTROL  INC
800 SW 39th Street                       8014 Bayberry Rd                         24700 CHAGRIN BLVD
PO Box 9004                              Jacksonville, FL 32256-7412              SUITE 205
Renton, WA 98057-9004                                                             BEACHWOOD OH 44122-5662

Internal Revenue Service                 (p)JEFFERSON CAPITAL SYSTEMS LLC         LVNV Funding, LLC
P.O. Box 7346                            PO BOX 7999                              Resurgent Capital Services
Philadelphia, PA 19101-7346              SAINT CLOUD MN 56302-7999                PO Box 10587
                                                                                  Greenville, SC 29603-0587

Nationwide Judgment Recovery Inc.        Nationwide Judgment Recovery Inc.        Nationwide Judgment Recovery, Inc.
POB 95                                   c/o Cawley & Bergmann LLC                c/o Becket and Lee LLP
Stanton, CA 90680-0095                   550 Broad St. #1001                      PO Box 3001
                                         Newark, NJ 07102-4542                    Malvern PA 19355-0701

Office of the US Trustee                 Popkin & Rosaler, PA                     SKO Brenner American, Inc
51 S.W. 1st Ave.                         1701 W Hillsboro Boulevard, Suite 400    841 Merrick Road
Suite 1204                               Deerfield Beach, FL 33442-1572           PO Box 9320
Miami, FL 33130-1614                                                              Baldwin, NY 11510-9320

Select Portfolio Servicing               Select Portfolio Servicing, Inc.         Clare A. Casas Esq.
POB 65250                                c/o Popkin & Rosaler, PA                 7450 Griffin Rd #260
Salt Lake City, UT 84165-0250            1701 W. Hillsboro Blvd. Suite 400        Davie, FL 33314-4133
                                         Deerfield Beach, FL 33442-1572

Dard Defrand                             Robin R Weiner
523 NW 17 Place                          POB 559007
Fort Lauderdale, FL 33311-4855           Fort Lauderdale, FL 33355-9007
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
First Federal Credit C                   Jefferson Capital Systems LLC            End of Label Matrix
24700 Chagrin Blvd Ste 2                 Po Box 7999                              Mailable recipients     22
Cleveland, OH 44122                      Saint Cloud Mn 56302-9617                Bypassed recipients      0
                                                                                  Total                   22
```

**EXHIBIT "A"**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov**

In re:                                                              Case No.: 20-22409-PDR
**DARD DEFRAND,**
    Debtor.                                            Chapter 13
_____/
**NATIONWIDE JUDGMENT RECOVERY, INC.**
    Plaintiff,                                         Adv. Case No. 21-01047-PDR
v.

**DARD DEFRAND a/k/a PLUS20,**
    Defendant.
_____/

**STIPULATION TO COMPROMISE CONTROVERSY**

This Stipulation to Compromise Controversy (this "Stipulation") is entered into on the date set forth below between Nationwide Judgment Recovery, Inc. ("NJR") and Dard DeFrand a/k/a Plus20 ("DeFrand"), who is the defendant in Adv. Case No. 21-01047-PDR (the "Adversary Proceeding") brought by NJR (NJR and DeFrand, collectively, the "Parties"). The Parties stipulate and agree:

**RECITALS**

WHEREAS, the DeFrand filed a voluntary chapter 13 proceeding on November 12, 2020 (the "Petition Date").

WHEREAS, on February 12, 2021, NJR filed its Adversary Proceeding against DeFrand seeking a ruling that its judgment against DeFrand totaling $34,667.27 (the "Money Judgment") as of the Petition Date is a non-dischargeable obligation pursuant to 11 U.S.C. § 523(a)(2)(A).

WHEREAS, DeFrand denies the allegations in the Adversary Proceeding.

WHEREAS, the Parties seek to resolve these issues amicably.

**AGREEMENT**

NOW, THEREFORE, in light of the foregoing, and in consideration of the mutual promises and covenants of the Parties contained herein, as well as other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.    The above recitals are true and correct and are incorporated herein.

1

2. To resolve the Adversary Proceeding, DeFrand will amend his chapter 13 plan in Case No. 20-22409-PDR so as to provide that NJR shall receive payments totaling $10,000. In the event that NJR has receives payments totaling $10,000 upon the completion of his amended chapter 13 plan, then NJR shall provide DeFrand with a satisfaction of judgment for the Money Judgment. In the event that NJR does not receive payments totaling $10,000 by the end of the DeFrand's chapter 13 plan, then NJR shall be entitled to entry of a judgment non-dischargeable under 11 U.S.C. § 523(a)(2)(A) for the sum of $10,000, less any payments it received, where the only defense shall be payment.

3. Upon the execution of this Stipulation, DeFrand shall file a motion to approve this Stipulation pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure with the Bankruptcy Court in the above referenced matter.

4. The Parties are aware that this Stipulation must be noticed to all creditors and must be approved by the Bankruptcy Court. Upon the Court approving this Stipulation, the Parties will ask the Bankruptcy Court to enter an Order approving it and reserving jurisdiction to enforce this Stipulation. In the event that this Stipulation is not approved, it shall be deemed null and void.

### NO OTHER AGREEMENTS; MODIFICATION

5. This Stipulation contains the entire understanding and agreement of the Parties, and there are no prior or contemporaneous promises, representations, agreements, warranties, or undertakings by either party to the other, either oral or written of any character or nature, except as set forth herein. This Stipulation may be altered, amended, or modified only by an instrument in writing, executed by the Parties, with the same formality as this Stipulation, and by no other means. Each party waives any right to claim that this Stipulation was modified, canceled, superseded, or changed by an oral agreement, course of conduct, or estoppel.

### APPLICABLE LAW

6. All matters affecting the execution, interpretation, validity, and enforceability of this Stipulation shall be subject to, and interpreted under, Federal Bankruptcy Law, as well as the laws of the State of Florida to whatever extent Bankruptcy Law relies upon state law.

### NO PRESUMPTIONS ARISING FROM DRAFTING

7. The fact that any draft of this Stipulation was prepared by counsel for one of the Parties shall create no presumptions, and, specifically, shall not cause any ambiguities to be

construed against that party. The Parties acknowledge that each has contributed toward the drafting of this Stipulation, and that it is the result of negotiations between the Parties.

## WAIVERS

8. The failure of either party at any time to require the performance of the other of any of the terms, provisions, or conditions hereof shall in no way affect the right thereafter to enforce the same, nor shall the waiver by either party of the breach of any of the terms, provisions, and conditions hereof, be construed or be deemed a waiver of any succeeding breach of any term, provision, or condition hereof.

## ADDITIONAL ACKNOWLEDGMENTS AND UNDERSTANDINGS

9. The Parties acknowledge that each fully understands all of the terms and obligations of this Stipulation, and each believes the same to be fair, just, equitable, reasonable, fully acceptable, and not unconscionable.

10. The Parties enter into this Stipulation freely and voluntarily. Neither of the Parties have been the subject of any duress, undue influence, fraud, or coercion in entering into this Stipulation.

11. The Parties acknowledge that they have had the benefit and assistance of the representation of their own separate and independent attorneys to advise them of their rights and obligations under this Stipulation, and they are also aware of what their rights would be in the absence of this Stipulation.

12. This Stipulation shall be binding upon the Parties hereto and shall also be binding upon and enure to the benefit of the heirs and successors of the respective Parties.

13. This Stipulation may be executed in two or more counterparts, including scanned email counterparts, none of which need contain signatures of all of the Parties, each of which will constitute an original, and all of which, taken together, shall constitute one and the same stipulation.

14. The date of this Stipulation is the date on which the last of the parties executes it.

## CAPTIONS

15. The captions of the various paragraphs in this Stipulation are for convenience only, and none of them is intended to be any part of the text, or intended to be referred to in construing any provision of it.

## INCORPORATION OF RECITALS

16. The recitals to this Stipulation are incorporated and accepted and agreed to by the Parties as though fully set forth in its body. The fact that a particular provision of the body of this Stipulation is not mentioned in the recitals shall not affect the validity or enforceability of such provision. The facts stated in the recitals shall conclusively be presumed to be true for all purposes between the Parties and any other party bound by this Stipulation.

## NOTICES

17. Any notices required by this Stipulation must be given either in writing by email to the parties as follows:

To NJR:
G. Steven Fender, Esq.
P.O. Box 1545
Ft. Lauderdale, FL 33302
steven.fender@fender-law.com

To DeFrand:
Clare A. Casas, Esq.
7450 Griffin Road, #260
Davie, FL 33314
clarecasas@ombankruptcy.com

Tarek K. Kiem, Esq.
8461 Lake Worth Road, Suite 114
Lake Worth, FL 33467
tarek@kiemlaw.com

                                              **NATIONWIDE JUDGMENT RECOVERY, INC.**

Date: January 24, 2022                  By:   *David S Goldberg*
                                                               David S. Goldberg
                                                                Agent-Portfolio Manager

Date: January _____, 2022                    _____
                                                                        Dard DeFrand

## INCORPORATION OF RECITALS

16. The recitals to this Stipulation are incorporated and accepted and agreed to by the Parties as though fully set forth in its body. The fact that a particular provision of the body of this Stipulation is not mentioned in the recitals shall not affect the validity or enforceability of such provision. The facts stated in the recitals shall conclusively be presumed to be true for all purposes between the Parties and any other party bound by this Stipulation.

## NOTICES

17. Any notices required by this Stipulation must be given either in writing by email to the parties as follows:

<u>To NJR:</u>
G. Steven Fender, Esq.
P.O. Box 1545
Ft. Lauderdale, FL 33302
steven.fender@fender-law.com

<u>To DeFrand:</u>
Clare A. Casas, Esq.
7450 Griffin Road, #260
Davie, FL 33314
clarecasas@ombankruptcy.com

Tarek K. Kiem, Esq.
8461 Lake Worth Road, Suite 114
Lake Worth, FL 33467
tarek@kiemlaw.com

**NATIONWIDE JUDGMENT RECOVERY, INC.**

Date: January ____, 2022     By: _____
                                 David S. Goldberg
                                 Agent-Portfolio Manager


Date: January ____, 2022     Dard DeFrand (Jan 24, 2022 17:28 EST)
                                 Dard DeFrand

4

**EXHIBIT "B"**

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

In re:

                                                                              Case No.: 20-22409-PDR

**DARD DEFRAND,**

        Debtor.                                      Chapter 13
_____/

**ORDER GRANTING MOTION TO APPROVE**
**STIPULATION TO COMPROMISE CONTROVERSY [ECF __]**

       THIS MATTER having come before the Court for hearing in West Palm Beach, Florida, on _____ upon the consent portion of the Chapter 13 calendar on the Debtor's Motion to Approve Stipulation to Compromise Controversy between the Debtor Dard DeFrand (the "Debtor") and Nationwide Judgment Recovery, Inc. ("NJR") (the "Motion") [ECF __], and the Court, having reviewed the Motion filed by the Debtor, and being otherwise fully advised in the premises, hereby

       ORDERS as follows:

1. The Motion is GRANTED and the Stipulation attached to the Motion is APPROVED.

2. The Court hereby approves the Stipulation and settlement reached between the Debtor and NJR.

3. The provisions of the Stipulation attached to the Motion are incorporated herein.

4. The Debtor shall amend his chapter 13 plan so that NJR receives a total of $10,000 in payment by its completion. If NJR does not receive payments totaling $10,000 by the completion of the Debtor's chapter 13 plan, then NJR shall be entitled to receive a non-dischargeable judgment in its favor against the Debtor for the sum of $10,000, less any payments received in the Debtor's chapter 13 case. If NJR receives payments totaling $10,000 by the end of the Debtor's chapter 13 plan, then NJR shall provide a satisfaction of judgment to the Debtor.

5. The Court reserves jurisdiction to enforce the terms of the Stipulation.

###

Submitted by:

Tarek K. Kiem, Esq.
Attorney for the Defendant Dard Defrand
Kiem Law, PLLC
8461 Lake Worth Road, Suite 114
Lake Worth, FL 33467
Telephone: 561-600-0406
Fax:         561-763-7355
Email:       tarek@kiemlaw.com

Attorney Tarek K. Kiem shall serve a copy of the signed order on all interested parties and file with the court a certificate of service conforming with Local Rule 2002-1(F).